625 N.W.2d 748 (1999)
461 Mich. 1207
In re WATERMAN.
Docket No. 111839.
Supreme Court of Michigan.
October 26, 1999.
On order of the Court, the Judicial Tenure Commission has issued a Decision and Recommendation for Order of Discipline and the Honorable William Waterman has consented to the commission's findings of facts, conclusions of law and recommendation of a sixty-day suspension without pay, with credit given for fifteen days, in recognition of a recent medical leave. We therefore order that the Honorable William Waterman be suspended without pay from the performance of his judicial duties for a period of sixty days, with credit given for fifteen days. The suspension begins twenty-one days after the date of this order. Further, we adopt as our own the following findings and conclusions of the Judicial Tenure Commission.
The Commission makes the following findings of fact and conclusions of law:
1) Respondent is and has been a judge of the 50th District Court in Pontiac, Oakland County, Michigan since May 26, 1988.

ASSIGNMENTS TO ATTORNEY TENANTS
2) While a judge, Respondent owned an office building at 91 N. Saginaw in Pontiac and leased office space to various attorneys, including, but not limited to, Lisa Watkins and Joan Simmons. During their tenancies, those attorneys regularly appeared before Respondent and received numerous assignments from Respondent to represent indigent criminal defendants. For example, between 1992 and 1994, Ms. Watkins was Respondent's tenant and obligated to pay rent to Respondent, and received approximately 149 assignments from Respondent, generating income of approximately $20,315.00.
3) Respondent failed to disqualify himself automatically from cases involving those attorneys, with whom he had more than a de minimis economic relationship, as required by [In re Disqualification of 50th Dist Court Judge (On Remand) (People v. Perkins), 193] Mich.App. 209, 483 N.W.2d 676 (1992).
4) Respondent failed to disclose his financial relationship with those attorneys when they appeared before him and failed to recuse himself.
5) Respondent's conduct, as described in paragraphs one (1) through four (4), constitutes:
(a) Misconduct in office, as defined by the Michigan Constitution of 1963, Article VI, § 30, as amended, and MCR 9.205;
(b) Conduct clearly prejudicial to the administration of justice, as defined by the Michigan Constitution of 1963, Article VI, § 30, as amended, and MCR 9.205;
(c) Abdication of Respondent's duty to personally observe high standards of conduct so that the integrity and independence of the judiciary may be preserved, as required by the Code of Judicial Conduct, Canon 1;
(d) Irresponsible or improper conduct, including impropriety or the appearance of impropriety, generating unnecessary public controversy, which erodes public confidence in the judiciary, contrary to the Code of Judicial Conduct, Canon 2A;
(e) Failure to respect and observe the law, and to conduct himself at all times in a manner which would enhance the public's confidence in the integrity and *749 impartiality of the judiciary, contrary to the Code of Judicial Conduct, Canon 2B;
(f) Allowing social or other relationships to influence judicial conduct or judgment, or using the prestige of his office to advance personal business interests, contrary to the Code of Judicial Conduct, Canon 2C;
(g) Failure to raise the issue of disqualification when there is cause to believe that grounds for disqualification may exist under MCR 2.003(B), in violation of the Code of Judicial Conduct, Canon 3C;
(h) Failure to refrain from financial and business dealings that tend to reflect adversely on his impartiality or judicial office, exploit his judicial position, or involve him in frequent transactions with lawyers or persons likely to come before the court on which he serves, in violation of Canon 5C(1); and
(i) Failure to manage investments and other financial interests to minimize the number of cases in which he is disqualified, contrary to the Code of Judicial Conduct, Canon 5C(3).

FAITEL v. HATCHER AND SMITH
6) Respondent presided over the case of Faitel v. Hatcher and Smith, 50th District Court Case No. LT 87712, a land contract forfeiture action.
7) In the course of those proceedings, Respondent entered judgment in favor of the plaintiff on several occasions, but stayed execution of a writ of restitution on each occasion.
8) On February 19, 1997, the plaintiff again filed for a writ of restitution. Respondent signed the writ which was turned over to the court officer for execution.
9) On February 20, 1997, Pontiac City Councilman Everett Seay telephoned Respondent concerning this matter, met with Respondent ex parte, and during that meeting requested that Respondent stay the writ of execution to afford the defendants additional time to move their belongings to a secure location. Based on this ex parte conversation, Respondent instructed the court officer not to execute the writ.
10) There was no motion before Respondent at the time he authorized the stay, and no notice was provided to counsel for the plaintiff before Respondent acted. Additionally, no order staying the writ was issued.
11) Respondent's conduct, as described in paragraphs six (6) through ten (10), constitutes:
(a) Misconduct in office, as defined by the Michigan Constitution of 1963, Article VI, § 30, as amended, and MCR 9.205;
(b) Conduct clearly prejudicial to the administration of justice, as defined by the Michigan Constitution of 1963, Article VI, § 30, as amended, and MCR 9.205;
(c) Irresponsible or improper conduct which erodes public confidence in the judiciary, contrary to the Code of Judicial Conduct, Canon 2A;
(d) Conduct involving impropriety and the appearance of impropriety, contrary to the Code of Judicial Conduct, Canon 2A;
(e) Conduct which harms public confidence in the integrity and impartiality of the judiciary, contrary to the Code of Judicial Conduct, Canon 2B;
(f) Allowing social or other relationships to influence a judge's conduct or judgment, contrary to the Code of Judicial Conduct, Canon 2C;
(g) Engaging in a prohibited ex parte communication, contrary to the Code of Judicial Conduct, Canon 3A(4); and

*750 (h) Conduct violative of MCR 9.104(1), (2), and (3), in that such conduct is prejudicial to the proper administration of justice; exposes the legal profession or the courts to obloquy, contempt, censure or reproach; and is contrary to justice, ethics, honesty and good morals.